FILED
U.S. DISTRICT COURT
SAVANNAH

2011 MAR -8 AM 10: 32

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSE MARCIAL REYES-FUENTES, et al.,

v.

SHANNON PRODUCE FARM, INC., et al,

Defendants.

CIVIL ACTION NO.: 6:08-cv-059 (BAE)

**Consent Judgment and FLSA Determination**

Plaintiffs and Defendants agree to resolve all disputes and enter into the following Consent Order. Upon consideration of the parties' joint motion for entry of a Consent Judgment, the Court makes the following findings of fact and conclusions of law, and directs the Clerk to enter judgment against Defendants and in favor of Plaintiffs in the sum of $358,977.20.

1. It is understood and agreed that the Court shall enter this agreement as a Consent Order and that the parties agree to use their best efforts to obtain entry of this Consent Order by the District Court and Bankruptcy Court in the appropriate cases. This Court retains jurisdiction through December 31, 2011, for the sole purpose of enforcing the terms of this agreement and Consent Order.

2. Defendants admit violating the Fair Labor Standards Act as alleged in Count One of the Amended Complaint. [Doc. 46.] The Court accordingly finds that Defendants violated the Fair Labor Standards Act by retaliating against each of the Plaintiffs when they failed to employ them in the 2006 through 2009 seasons as alleged in the Amended Complaint.

3. Defendants further admit, and the Court thus finds, that Defendants' violations were

-1-

deliberate, wrongful and without just cause and Defendants intended to cause injury to Plaintiffs by causing them to lose the wages they would have earned working for Defendants during the 2006, 2007, 2008 and 2009 seasons.

4. Judgment shall be entered against all Defendants, jointly and severally, and in favor of the Plaintiffs, in the following amounts:

| | |
|---|---|
| Reyes-Fuentes, Jose Marcial | $32,686.40 |
| Antonio-Candelaria, Jose Rosalino | $23,974.40 |
| Elotlan-Munguia, Fray Tomas | $32,686.40 |
| Meneses-Tellez, Moises | $32,686.40 |
| Morquecho-Suarez, Marcelo | $23,974.40 |
| Pedraza-Palacios, Aurelio | $16,403.20 |
| Rojas-Rojas, Bonifacio | $32,686.40 |
| Rubio-Delgado, Filemon | $15,432.00 |
| Rubio-Rubio, Noe | $23,974.40 |
| Santos-Quijano, Jesus | $23,003.20 |
| Vallejo-Gonzalez, Maximino | $16,403.20 |
| Velasquez-Vasquez, Nicolas | $23,974.40 |
| Virgen-Palacios, Hipolito | $16,403.20 |
| Rojas-Vasquez, Oscar | $16,403.20 |

5. Plaintiffs' counsel, the Farmworker Rights Division of the Georgia Legal Services Program and Cobb & Gardner, P.C., are hereby awarded costs and attorneys' fees against all Defendants, jointly and severally, in the amount of $25,925.00 and $2,361.00, respectively.

6. Defendants acknowledge and agree that this judgment is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). Defendants agree that the risk of using substantial resources of their estates for attorneys' fees and litigation costs in the trial of *Reyes-Fuentes, et al., v. Shannon Produce Farm, Inc., et al,* justifies immediately consenting to this judgment to best preserve their resources, including the bankruptcy estate of Defendant James Shannon, Jr. and the bankruptcy estate of Defendant Shannon Vineyards, Inc.

7. Defendants James G. Shannon Jr., Shannon Produce Farm, Inc., and Shannon Vineyards, Inc. shall make annual payments of $ 24,000.00 to Plaintiffs payable to the Plaintiffs and Georgia Legal Services Program Client Trust Account on or before December 8 beginning in 2011 and payable every year thereafter until the all amounts due under paragraphs 4 and 5 of this Judgment are paid in full.

8. Defendants shall each execute a sworn written statement about all assets held in the U.S. or any foreign country within 30 days of entry of this Consent Judgment.

9. Defendants agree that they will not conduct business using the current assets of the Defendants in any form other than the two corporate forms that already exist (Shannon Produce Farm, Inc., and Shannon Vineyards, Inc.), unless any new corporate entity or business operation agrees that the liabilities of Shannon Produce Farm, Inc., and Shannon Vineyards, Inc., will be transferred to the new entity or business operation. In the event of a forced sale by a bankruptcy court or creditors of the bankruptcy estate of James G. Shannon, Jr, or of the bankruptcy estate of Shannon Vineyards, Inc., the Defendants are not bound the provisions of this paragraph to the extent that they are obligated to become minority owners of a new business entity. This provision does not prohibit any

Defendants from seeking employment elsewhere.

10. Defendants are ordered to comply with their employer obligations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The Court enjoins Defendants from retaliating or discriminating against any participant in the *Morales-Arcadio* litigation, Civil Action No. 6:05-CV-062 (BAE), in violation of 29 U.S.C. § 215(a)(3). Defendants will not retaliate or discriminate against any worker in violation of 29 U.S.C. § 215(a)(3) or 20 C.F.R. § 655.135(h). With each worker's first pay check in the 2011 seasons, Defendants will distribute a notice, in the worker's native language, to be agreed upon by Plaintiffs' and Defendants' counsel, which explains that any threats are unlawful and that workers are free to assert their rights under the FLSA and H-2A program regulations without fear of retaliation or discrimination.

11. Defendants shall operate their produce growing agricultural operations as follows:

   a. In the event that the local labor market cannot meet Defendants' labor requirements, Defendants agree to take all necessary steps to qualify for and meet their farm worker hiring needs through the H-2A visa program for the 2011 crop seasons.

      (1) In the event Defendant cannot meet their labor needs with local labor for the 2011 season, Defendants agree to apply for an H-2A job order in their name and to rehire as H-2A workers for the 2011 season any Plaintiff who expresses a desire to work by sending a fax to Defendants or submitting their names through Plaintiffs' counsel on or prior to June 15, 2011. Defendants agree to pay Plaintiffs their weekly wages and all reimbursements directly.

   b. Defendants shall continue to comply with the FLSA and the H-2A program

-4-

regulations, where applicable, and the specific sections at issue in this lawsuit, including the following description of what costs are to be reimbursed in the first work week:

(1) Defendants will properly record and compensate for all compensable work performed in the field or packing shed, including all compensable time spent planting or harvesting, time spent traveling between fields or work locations, and time workers are engaged to wait, under either or both the highest applicable wage rate of the Fair Labor Standards Act, 29 U.S.C. §206(a), and the H-2A program's Adverse Effect Wage Rate, 20 C.F.R. §§ 655.103(b) and 655.122(l);

(2) Defendants will specifically make, keep and preserve the start and stop time for all field and packing shed workers and will record the actual start and stop times of any non-compensable meal breaks in accordance with 29 C.F.R. § 785.18;

(3) Defendants will comply with his Fair Labor Standards Act's obligations to reimburse in the first work week of each season each worker who has incurred costs to come to work for the employer, including transportation costs (both travel and subsistence expenses), lodging costs, visa, visa reciprocity and visa application fees, recruitment and processing fees, and passport costs; and

(4) Defendants will comply with the contractual requirement that if the employee's total pay for the pay period from piece rate earnings divided by his total hours worked at piece rate during that pay period results in average hourly earnings of less than the guaranteed AEWR (20 C.F.R. § 655.122(l)(2)) hourly rate, the worker will be provided build-up pay to the guaranteed AEWR minimum hourly rate.

c. Defendants agree that Plaintiffs and other H-2A employees will have open and regular access to counsel. Defendants agree to provide Plaintiffs' counsel the entry code

for the security gate to their property located at 299 Racehorse Road, Sylvania, Georgia and to provide counsel with any changes to the entry code at all times that Plaintiffs are on the property.

d.  Defendants agree to use an electronic timekeeping system for all packing shed and field workers; and

e.  Defendants agree to register for and use the E-Verify system to determine the work eligibility of all employees employed directly by Defendant and maintain paper copies evidencing use of the program. Defendants agree to require any farm labor contractor to register for and use the E-Verify system to determine the work eligibility of all farm labor contractor employees who work for the Defendants and to require that any farm labor contractor maintain paper copies evidencing use of the program.

12. This Consent Order constitutes the entire agreement between and among the parties, and no change or additional term shall have any force or effort unless written and signed by all parties or their authorized counsel and entered by the Court. No oral understandings, statements, promises or inducements contrary to the terms of this agreement exist.

13. In consideration of the monetary and non-monetary provisions of this Consent Order, Plaintiffs and Defendants resolve their dispute and agree to dismissal of the claims in this suit with prejudice. Plaintiffs further agree that they hereby release and discharge any other claims which could have been brought relating to their pay or recruitment while employed by Defendants in 2006 through 2010 or which necessarily should have been brought as part of the claims asserted in this suit. In the event of a default by Defendants of any provision of this Consent Order, Plaintiffs shall serve Defendants and Defendants'

attorneys with a notice of default by regular mail and fax transmittal to 912-764-8687 and 912-764-8789. Defendants shall have fourteen (14) days to cure any monetary default, and Defendants shall have twenty one (21) days to cure any non-monetary default. So long as the Defendants comply with the terms of this Consent Judgment, time being of the essence, Plaintiffs shall not cause a Writ of Fieri Fascias to issue and shall not report this consent judgment to any credit reporting agency. The Plaintiffs shall not cause this consent judgment to be recorded on any General Execution Docket unless the bankruptcy case for Defendant James G. Shannon, Jr. or Defendant Shannon Vineyards, Inc is dismissed or a payment is missed and not cured within the default period. In the event the Defendants fail to make any of the above payments, then, upon written notice to Defendant and Defendant's counsel, Daniel Snipes, Plaintiffs' judgment shall be immediately due in the entire amount contained in paragraphs 4 and 5, less credit for any payments made pursuant to this order.

14. This Consent Order is to be construed and governed under the laws of the state of Georgia and shall bind the parties and their respective heirs, estates, successors, assigns, and affiliates. If any provisions are determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect.

15. Respective counsel for the parties have express authority to enter into this Consent Order on behalf of their clients, pursuant to O.C.G.A. § 15-19-5.

Having scrutinized the settlement and determined that the settlement is fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) as Plaintiffs are receiving judgment for the full amount of their lost wages, including liquidated damages and attorneys' fees and costs, IT IS THEREFORE ORDERED that all foregoing terms and

conditions be, and the same are, hereby approved and incorporated fully into this Order.

IT IS FURTHER ORDERED that this Court will retain jurisdiction for the sole purpose of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and hereby made the Order of this Court.

SO ORDERED this 8 day of March, 2011.

B. AVANT EDENFIELD
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Respectfully submitted and consented to this _2nd day of February, 2011.

s/ Dawson Morton

Dawson Morton
Counsel for Plaintiffs
Ga. Bar No. 525985
Farmworker Rights Division
Georgia Legal Services Program
104 Marietta Street, Suite 250
Atlanta, GA 30303
tel: (404) 463-1633
dmorton@glsp.org

s/ Daniel Snipes

Daniel B. Snipes
Counsel for Defendants
Ga. Bar No. 665769
Franklin, Taulbee, Rushing, Snipes & Marsh, LLC
P.O. Box 327
12 Siebald St.
Statesboro, GA 30459
tel: (912) 764-9055
dsnipes@ftrsm.com