UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSE MARCIAL REYES-FUENTES, et al.,

Plaintiffs,

v.  6:08-cv-59

SHANNON PRODUCE FARM, INC., SHANNON VINEYARDS, INC., JAMES G. SHANNON, JR., JAMES G. SHANNON, SR., CYNTHIA SHANNON, and RICARDO GASPAR,

Defendants,

v.

GLENDA GASPAR,

Third-Party Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is Third Party Defendant Glenda Gaspar's Motion to Dismiss. *See* Doc. 64.

### II. BACKGROUND

On July 17, 2008, Plaintiffs filed a complaint against Defendants Shannon Produce Farm, Inc., James G. Shannon Jr., Ricardo Gaspar, James G. Shannon Sr., and Cynthia Shannon, alleging violations of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"). *See* Doc. 1. On May 18, 2010, Plaintiffs added Shannon Vineyards, Inc. as a defendant. *See* Doc. 46.

On February 2, 2011, the parties jointly moved for entry of their consent agreement and for a fairness determination. *See* Doc. 55. This Court approved the agreement and entered the consent judgment on March 8, 2011, in favor of Plaintiffs in the sum of $358,977.20. *See* Doc. 57. The Court concluded that "this Court will retain jurisdiction for the sole purpose of enforcing this Consent Order, all terms and conditions of which are adopted by the Court and hereby made the Order of this Court." *See id.* at 8.

On February 7, 2012, Plaintiffs filed a complaint to avoid an allegedly fraudulent transfer from Defendant Ricardo Gaspar to his wife Glenda Gaspar. *See* Doc. 59. Plaintiffs allege that in order to avoid a judgment lien resulting from the consent judgment, Ricardo Gaspar quitclaimed his interest in his residence to his wife five days prior the parties' joint motion to enter the consent judgment. *See id.* at 3-4. Plaintiffs obtained an entry of default against Ricardo Gaspar. *See* Docs. 67; 69. On March 8, 2012, Glenda Gaspar filed the present motion to dismiss. *See* Doc. 64.

### III. ANALYSIS

Glenda Gaspar moves to dismiss Plaintiffs' complaint, arguing that this Court lacks subject matter jurisdiction, Plaintiffs cannot comply with Federal Rule of Civil Procedure 14, and that Plaintiffs have failed to state a claim upon which relief can be granted. *See* Doc. 64 at 1.

#### A. Subject Matter Jurisdiction

Glenda Gaspar argues that the Court lacks supplemental jurisdiction because the fraudulent transfer claim raises separate and

distinct allegations from the original FLSA claim. *See* Doc. 64 at 6-7. Moreover, she contends that because she was not a party to the consent judgment, the Court cannot enforce the judgment against her. *See id.* at 7. Finally, she avers that the Court lacks federal question or diversity jurisdiction. *See id.* at 7-8.

A court must dismiss a complaint where it lacks jurisdiction over the subject matter of the dispute. *See* FED. R. CIV. P. 12(b)(1); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005). Plaintiffs bear the burden of establishing subject matter jurisdiction. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

Plaintiffs argue that the Court has ancillary jurisdiction over their complaint. *See* Doc. 68 at 2.

"Congress codified *much* of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367." *Peacock v. Thomas,* 516 U.S. 349, 354 n.5 (1996) (emphasis added). Yet, common law ancillary jurisdiction survived the codification of supplemental jurisdiction. *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011).

Although § 1367 governs ancillary jurisdiction over *claims* asserted in a case over which the district court has federal subject matter jurisdiction, it does not affect common law ancillary jurisdiction 'over related *proceedings* that are technically separate from the initial case that invoked federal subject matter jurisdiction,' which remains governed by case law.

*Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010) (quoting 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3523.2 (3d ed. 2010)).

"[A] federal court may exercise ancillary jurisdiction '(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Peacock*, 516 U.S. at 354 (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994)). Plaintiffs contend this Court's jurisdiction over their complaint rests on the second category, called ancillary enforcement jurisdiction. *See* Doc. 68 at 2.

The Supreme Court has "reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments." *Id.* at 356. The Supreme Court has also "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments— including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Id.* Ancillary jurisdiction, however, does not extend to "subsequent lawsuit[s] to impose an *obligation to pay* an existing federal judgment on a person not already liable for

2

that judgment." *Id.* at 357 (emphasis added).

Although the Eleventh Circuit has yet to rule on this particular issue, the majority of the circuits to address it have concluded that post-judgment actions to avoid fraudulent conveyances fall within the court's ancillary enforcement jurisdiction. *See Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 106 (2d Cir. 2001) ("Where the post-judgment proceeding is an effort to collect a federal court judgment, the courts have permitted judgment creditors to pursue, under the ancillary enforcement jurisdiction of the court, the assets of the judgment debtor even though the assets are found in the hands of a third party."); *Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1454-55 (9th Cir. 1996); *see also Gambone v. Lite Rock Drywall*, 288 F. App'x 9, 12-13 (3d Cir. 2008) (concluding that district court had ancillary jurisdiction over fraudulent transfer claim against third-party transferee); *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 498 (1st Cir. 2000) ("Where a postjudgment proceeding presents an attempt simply to collect a judgment duly rendered by a federal court, even if chasing after the assets of the judgment debtor now in the hands of a third party, the residual jurisdiction stemming from the court's authority to render that judgment is sufficient to provide for federal jurisdiction over the postjudgment claim.").

It matters not to the Court's ancillary enforcement jurisdiction that Glenda Gaspar is non-diverse from Plaintiffs. *See Buster*, 95 F.3d at 1453-55; *see also Epperson*, 242 F.3d at 104 (stating that actions to collect judgments, including suits to set aside a fraudulent conveyance, do "not require an independent jurisdictional basis and may proceed even if the parties are non-diverse"); 13 FED. PRAC. & PROC. JURIS. § 3523.2 (3d ed.) ("[I]f a federal court had jurisdiction of the principal action, it may hear an ancillary proceeding, regardless of the citizenship, the amount in controversy, or any other factor that normally would determine subject matter jurisdiction.").

Glenda Gaspar's case citations are irrelevant to the inquiry of whether the Court has ancillary enforcement jurisdiction. *See* Doc. 64 at 6-8.

First, the Court's incorporation of the terms of the consent agreement into its Order and express retention of jurisdiction granted the Court jurisdiction to enforce the consent judgment. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (stating that the court has ancillary jurisdiction to enforce a settlement agreement where "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal"). The Order makes the general proclamation that this Court "retain[s] jurisdiction for the sole purpose of enforcing this Consent Order." *See* Doc. 57 at 8. Yet, the agreement also states that "[t]his Court retains jurisdiction *through December 31, 2011.*" *See id.* at 1 (emphasis added). Plaintiffs filed this complaint on February 7, 2012. Neither party addresses the December 31, 2011 language.

Plaintiffs' fraudulent conveyance claim does not seek to impose personal liability for the consent judgment on Glenda Gaspar.

3

Rather, Plaintiffs are seeking to collect on their judgment obtained in this Court by avoiding the transfer of an asset belonging to a judgment debtor, Ricardo Gaspar. Assuming the December 31, 2011 language of the Consent Order does not affect this Court's enforcement jurisdiction, this Court would have ancillary enforcement jurisdiction over Plaintiffs' claims against Glenda Gaspar seeking to avoid the allegedly fraudulent transfer. Nevertheless, the Court must *sua sponte* raise issues affecting subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because neither party addresses the issue, the parties are **ORDERED** to brief the effect of the December 31, 2011 language on this Court's jurisdiction. *Cf. EEOC v. Local 40, Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 76 F.3d 76, 80 (2d Cir. 1996) (noting that a "district court does not have inherent power to enforce an order that has expired" and that "the court's enforcement authority expire[s] when the decree expire[s]").

### B. Failure to State a Claim

Glenda Gaspar briefly argues that the complaint fails to state a claim because the appropriate forum for Plaintiffs' fraudulent transfer claim is a state court. *See* Doc. 64 at 8.

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

Glenda Gaspar, in effect, re-characterizes her lack of subject matter jurisdiction claim as a 12(b)(6) claim. Nevertheless, the Court's review of the complaint indicates that Plaintiffs have alleged sufficient facts to state a plausible fraudulent transfer claim under Georgia law against Glenda Gaspar. *See Kipperman v. Onex Corp.*, 411 B.R. 805, 834 (N.D. Ga. 2009) (setting forth the elements of a fraudulent conveyance claim under Georgia law); *see also* O.C.G.A. §§ 18-2-74 to 75. Glenda Gaspar's argument that Plaintiffs have failed to state claim is **DENIED**.

### C. Rule 14

Glenda Gaspar also contends that she is not a proper third-party defendant under Rule 14 because no claim has been asserted against Plaintiffs, she bears no responsibility for the FLSA violations, bears no liability to any of the other Defendants, the Court's approval to add her as a party has not been obtained, and the current fraudulent transfer claim is separate and distinct from Plaintiffs' FLSA claims. *See* Doc. 64 at 2-6. Plaintiffs respond that Rule 14 is inapplicable because the rule does not apply to post-judgment proceedings or to claims raised by a plaintiff who is not also a defendant. *See* Doc. 68 at 4-6.

4

"Rule 14(b) is restricted to situations where a counterclaim is asserted against the plaintiff, and the plaintiff cannot implead a third party where no counterclaim has been filed against him or her." 25 JOHN BOURDEAU ET AL., FED. PROC., L. ED. § 59:240. Furthermore, "Rule 14 pertains to persons brought in as parties to the original proceeding, not to persons brought in as parties to postjudgment proceedings under Fed. R. Civ. P. 69." *Id.* § 59:227 (citing *Rodd v. Region Const. Co.*, 783 F.2d 89 (7th Cir. 1986)).

Plaintiffs bring this complaint as a "supplementary action in aid of execution of judgment" pursuant to Federal Rule of Civil Procedure 69. *See* Doc. 59 at 2. Therefore, Glenda Gaspar's Rule 14 arguments are inapplicable to the current proceeding. She has also failed to provide case law analogous to the present procedural and factual posture of this action where Plaintiffs have filed a post-judgment complaint attempting to avoid an alleged fraudulent transfer in order to collect the judgment owed and entered by this Court. *See* Doc. 64 at 4-6. Her Rule 14 arguments fail.

Plaintiffs assert that this complaint is brought pursuant to Federal Rule of Civil Procedure 69. Rule 69 provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent is applies." Georgia law recognizes the ability of a judgment creditor to enforce its judgment through a writ of execution and also to engage in post-judgment discovery. *See* O.C.G.A. § 9-11-69.

In *C-Staff, Inc. v. Liberty Mut. Ins. Co.*, the Georgia Supreme Court held that O.C.G.A. § 9-11-69 does not authorize a judgment creditor to implead and hold liable persons who were not parties to the underlying judgment; instead, the judgment-creditor must initiate a separate civil action against persons it claims are liable for a judgment to which they were not parties. *See* 275 Ga. 624, 624 (2002). Unlike the factual scenario in *C-Staff*, however, Plaintiffs do not seek to hold Glenda Gaspar *liable* for the consent judgment, only avoid an allegedly fraudulent transfer. *Cf.* O.C.G.A. § 18-2-77 (discussing relief that a creditor may obtain regarding a fraudulent transfer).

A supplemental proceeding may be the appropriate procedural mechanism in certain jurisdictions to seek the avoidance of a fraudulent transfer preventing a plaintiff's collection of the court's judgment. *See Turner v. Hallberg*, 2011 WL 3501858 (D. Or. Aug. 10, 2011); *PNC Bank v. Broadbent*, 2011 WL 3902794 (S.D. Ind. Aug. 2, 2011); *Fudali v. Pivotal Corp.*, 2011 WL 1576611 (D.D.C. Apr. 26, 2011); *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, 2011 WL 915669 (S.D. Fla. Mar. 16, 2011); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2011 WL 65963, at *5 n.8 (N.D. Ill. Jan. 10, 2011); *Rodriquez v. Lawns of Distinction*, 2008 WL 4941000 (E.D. Mo. 2008); *Clarinda Color LLC v. BW Acquisition Corp.*, 2004 WL 2862298, at *3, *9 (D. Minn. June 14, 2004); *cf. IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 314 (3d Cir. 2006) ("A Rule 69 action, by its very nature, piggybacks on an

5

action establishing liability and has a derivative status.").

Plaintiffs are **ORDERED** to file a brief justifying whether the filing of this post-judgment complaint in the same action is the appropriate post-judgment procedural mechanism under the governing law for adjudicating the allegedly fraudulent transfer. *Cf. Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 120, 122-25 (E.D.N.Y. 2010) (examining Rule 69(a) and how closely party must comply with state procedure in context of post-judgment motion to avoid a fraudulent transfer).

## IV. CONCLUSION

Plaintiffs are **ORDERED** to file a brief within ten (10) days of this Order explaining whether the Consent Order's December 31, 2011 language limits this Court's jurisdiction and justifying the filing of a post-judgment complaint as the appropriate procedural mechanism pursuant to Rule 69. Glenda Gaspar will have ten (10) days from the filing of Plaintiffs' brief to file a response. The Court will not accept replies.

This 2nd day of May 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6